In the
UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

**FILED**

MAY 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| NANCY GIBSON,<br>11603 Drumcastle Terrace<br>Germantown, MD 20876<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONAL SOCIETY DAUGHTERS<br>OF THE AMERICAN REVOLUTION,<br>1776 D Street, NW<br>Washington, DC 20006<br><br><br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case: 1:07-cv-00950<br>Assigned To : Collyer, Rosemary M.<br>Assign. Date : 5/22/2007<br>Description: Employment Discrimination<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Nancy Gibson, by her undersigned counsel, files this civil action against her former employer, Defendant National Society Daughters of the American Revolution (NSDAR), and states the following:

1

## Nature of the Action

1. Plaintiff worked at NSDAR for nearly 20 years until the termination of her employment in 2005. This action arises from acts of intentional employment discrimination and discriminatory reprisal and other tortious acts taken against Plaintiff by NSDAR. The action alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C § 12101, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the laws of the District of Columbia.

## Jurisdiction and Venue

2. Jurisdiction exists under 28 U.S.C. § 1331, as this is a civil action arising under federal law, with supplemental jurisdiction under 28 U.S.C. § 1367 for claims arising under laws of the District of Columbia. The Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) in 2005. On February 22, 2007, the EEOC mailed to Plaintiff a notice of her right to bring this civil action.

3. The employment practices at issue occurred at the offices of Defendant NSDAR, its officers and its chief administrator, located in the District of Columbia. Venue is proper in this district under 42 U.S.C.§ 2000e-5(f)(3) and 28 U.S.C. § 1391(e)(1).

## Plaintiff

4. Plaintiff Nancy Gibson is an individual who currently resides in and is a citizen of the State of Maryland.

Defendant

5. Defendant NSDAR is a volunteer women's service organization, incorporated by an Act of Congress in 1896. The National Headquarters of NSDAR is located at 1776 D Street, NW, Washington, DC.

6. NSDAR is headed by an elected National Board of Management, presided over by the NSDAR President General. The Executive Committee of the Board, also presided over by the President General, is responsible for operations of the organization. Day-to-day operations are under the direction and supervision of the NSDAR Administrator.

7. At the time Plaintiff's employment was terminated, the President General of NSDAR was Ms. Presley Merritt Wagoner, who took office in July 2004, and the NSDAR Administrator was Stephen Nordholt, who was hired by NSDAR in 2003.

Count One
Discriminatory Termination / Disability

8. Plaintiff began working at NSDAR as a volunteer in 1985. In 1987, she was hired to work in the DAR Museum. In 1988, Plaintiff was promoted to the position of Assistant Curator of the Museum, and in 1996 she was made one of the Museum's Curators. In that position, Plaintiff conceived, developed and directed several projects that netted significant revenue for the DAR Museum.

9. In 1996, Plaintiff also was given responsibilities related to public affairs for NSDAR. As part of those responsibilities, Plaintiff began working to turn around the

negative image that flowed from the incident in 1939 when singer Marian Anderson was not permitted to perform at DAR Constitution Hall because of her race.

10. In March 1998, Plaintiff was selected as DAR employee of the month.

11. In 2003, Plaintiff was asked by the DAR President General to take on the position of Media Relations Manager. In this position, Plaintiff was a key contributor to work that was recognized with several awards in 2004. Plaintiff also was a significant contributor to the effort that culminated in the decision of the United States Postal Service to hold the unveiling of its Marian Anderson commemorative stamp at DAR Constitution Hall.

12. In Spring 2004, following surgery to remove a lump, Plaintiff was diagnosed with infiltrating ductal carcinoma of the breast. The tumor was a cribiform carcinoma with focal invasion.

13. Plaintiff's doctors prescribed a program of treatment including chemotherapy and then radiation.

14. At the time of the diagnosis, Plaintiff's immediate supervisor was informed of the condition.

15. Plaintiff underwent chemotherapy treatments in September, October and November 2004.

16. On December 20, 2004, Plaintiff began an extended regime of daily radiation treatments.

17. The following week, on December 28, 2004, Administrator Nordholt told

Plaintiff that her employment was being terminated, effective February 28, 2005.

18. At the time her employment was terminated, Plaintiff was a qualified individual with a disability and an individual with a record of a disability. As a result of the carcinoma and the chemotherapy and radiation treatments, Plaintiff suffered extreme fatigue, weakness throughout her body, nausea and other complications. This substantially limited her in major life activities, including her ability to do everyday ordinary activities associated with taking care of herself and her family.

19. By design, the chemotherapy lowered the Plaintiff's white blood cell count which weakened her body's immune system and limited her body's ability to deal with infections. As a result, for example, a relatively common cold became a serious infection with extreme pain, requiring Plaintiff to be treated with intravenous pain killers at a hospital.

20. Plaintiff's chemotherapy produced continuing cognitive deficits and side effects that have been long term and may be permanent in nature.

21. At the time Plaintiff began her chemotherapy treatments, the media relations and communications function at NSDAR was being handled by Plaintiff and by an assistant, Ms. Landon. Following the termination of Plaintiff's employment, these same functions were assigned to Ms. Landon and a new assistant, who was hired by NSDAR Administrator Nordholt just a few weeks before he told Plaintiff that her employment was being terminated.

22. Both Ms. Landon and the new assistant are significantly younger than Plaintiff,

and both had significantly less experience in media relations and communications than Plaintiff. Plaintiff was well qualified to perform any of the media relations and communications functions at NSDAR.

23. As a result of the termination of her employment, Plaintiff suffered not only the loss of her income, but also the expense of paying health insurance premiums to maintain the insurance she needed to be able to afford the continuing cancer treatments. To get by, Plaintiff needed to accept charitable contributions from others in her community. Plaintiff also faced the daunting prospect of looking for new employment while undergoing continuing cancer treatments. NSDAR's actions caused Plaintiff to suffer emotional distress, pain, anguish, inconvenience, and loss of quality of life.

24. The action of Defendant NSDAR in terminating Plaintiff's employment was taken with knowledge of Plaintiff's medical condition. Plaintiff believes and thereon alleges that NSDAR knew Plaintiff was an individual with a disability, and/or regarded her as an individual with a disability, and that NSDAR acted with reckless indifference to Plaintiff's federally protected rights. Defendant's action violates the prohibition on employment discrimination in Section 102(a) of the Americans with Disabilities Act, 42 U.S.C. § 12112(a)

## COUNT TWO
### Discriminatory Termination / Reasonable Accommodation

25. Plaintiff adopts and incorporates each and every allegation of the Complaint as if set forth fully herein.

26. NSDAR Administrator Nordholt and NSDAR's Human Resources Director each expressed dissatisfaction with Plaintiff's use of medical leave and each criticized and scolded Plaintiff for the time she took off from work during her chemotherapy and radiation treatments.

27. Plaintiff believes and thereon alleges that NSDAR did not want to have to accommodate Plaintiff during her continuing cancer treatments, and that NSDAR acted with reckless indifference to Plaintiff's federally protected rights. Defendant's action violates the prohibition on discrimination in Section 102(b)(5)(B) of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(B).

## COUNT THREE
### Prohibited Inquiries / Disability

28. Plaintiff adopts and incorporates each and every allegation of the Complaint as if set forth fully herein.

29. NSDAR Administrator Nordholt on various occasions initiated inappropriate inquiries to Plaintiff about her medical condition. On one occasion, Administrator Nordholt said he had been told that Plaintiff did not really have cancer and he asked her if that was true. On another occasion he asked how soon she would be considered a cancer survivor.

30. These inquiries by the NSDAR Administrator violated the prohibition on medical inquiries in Section 102(d)(4)(A) of the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(4)(A).

## COUNT FOUR
### Discriminatory Reprisal / Disability

31. Plaintiff adopts and incorporates each and every allegation of the Complaint as if set forth fully herein.

32. In January 2005, NSDAR Administrator Nordholt presented Plaintiff with a waiver of rights form which he said Plaintiff needed to sign in order to receive any severance pay. Administrator Nordholt also told Plaintiff about a possible employment opportunity in the DAR Museum.

33. In subsequent exchanges between Plaintiff and the Administrator, Plaintiff respectfully told the Administrator that she believed she was the subject of discrimination because of her age and her medical condition. Thereupon, the Administrator ended discussion of these issues by sending Plaintiff an e-mail message stating that she had run out of time, that her last day would be February 28, 2005, and thus there would be neither a severance payment nor an employment opportunity at the DAR Museum.

34. NSDAR's action violates the prohibition on retaliation in the Americans with Disabilities Act, 42 U.S.C. § 12203.

## COUNT FIVE
### Discriminatory Termination / Age

35. Plaintiff adopts and incorporates each and every allegation of the Complaint as if set forth fully herein.

36. At the time her employment was terminated by NSDAR, Plaintiff was more than 40 years of age.

37. Plaintiff believes and thereon alleges that NSDAR knew Plaintiff's age, that NSDAR was aware of the legal prohibitions on age discrimination, and that NSDAR acted willfully and with reckless indifference to Plaintiff's federally protected rights. Defendant's action in selecting Plaintiff for termination violates the prohibition on discrimination in the Age Discrimination in Employment Act, 29 U.S.C. § 623(a).

## COUNT SIX
### Discriminatory Reprisal / Age

38. Plaintiff adopts and incorporates each and every allegation of the Complaint as if set forth fully herein.

39. NSDAR's action, in ending discussions of severance pay and employment opportunities when Plaintiff told the Administrator she believed she was a subject of discrimination, violates the prohibition on retaliation in the Age Discrimination in Employment Act, 29 U.S.C. § 623(d).

## COUNT SEVEN
### Infliction of Emotional Distress / Intentional Tort

40. Plaintiff adopts and incorporates each and every allegation of the Complaint as if set forth fully herein.

41. The actions of NSDAR against Plaintiff violated duties Defendant held toward Plaintiff at a time when Defendant knew Plaintiff was especially vulnerable. These actions caused Plaintiff injury including severe emotional distress. These intentional actions were so wanton, outrageous, and beyond the bounds of decency that they would have had a harmful impact on any reasonable person in Plaintiff's situation. Plaintiff believes and thereon alleges that NSDAR was fully aware of the harmful impact its actions would have and that NSDAR acted intentionally, willfully and without regard to that impact in violation of the laws of the District of Columbia.

WHEREFORE, for each and all of the above, Plaintiff seeks a judgment against the Defendant and an award for such relief as Plaintiff may be shown to be entitled at trial, including:

(a) Payment of all lost compensation, including back pay, benefits and leave, and monetary awards, with appropriate interest;

(b) An additional equal amount as liquidated damages, as provided in and pursuant to 29 U.S.C. § 626 (b).

(c) Compensatory damages for Plaintiff's pain, suffering, anguish, inconvenience and loss of enjoyment of life;

(d) Punitive damages, as provided in and pursuant to 42 U.S.C. § 1981a.

(e) Reimbursement for medical and related expenses, as shown at trial;

(f) Costs and expenses incurred herein and during the administrative process;

(g) Reasonable attorneys' fees and expert fees incurred herein and during the administrative process; and,

(h) Such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff requests a trial by jury.

May 22, 2007                              Respectfully submitted,

                                          Nancy Gibson

                                          by    /s/ Lorence L. Kessler
                                          Lorence L. Kessler (DC Bar # 203521)
                                          Suite 500
                                          1875 I Street, NW
                                          Washington, D.C. 20006
                                          (202) 857-8067

                                          Counsel for Plaintiff Nancy Gibson

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-950
H RMC

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Nancy Gibson<br>11603 Drumcastle Terrace, Germantown, MD 20876 | National Society Daughters of the American Revolution, 1776 D Street, NW, Washington DC |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery Cty<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lorence L. Kessler,
1875 I Street, NW, Suite 500
Washington, DC 20006
(202) 857-8067

Case: 1:07-cv-00950
Assigned To : Collyer, Rosemary M.
Assign. Date : 5/22/2007
Description: Employment Discrimination

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiff alleges her employment was terminated in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE May 22, 2007    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.