**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| Nancy Gibson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case: 1:07-cv-00950RMC** |
| | ) | |
| National Society of the Daughters of | ) | |
| the American Revolution, | ) | |
| | ) | |
| Defendant | ) | |

_____)

**ANSWER**

COMES NOW the Defendant, National Society of the Daughters of the American Revolution ("NSDAR") and files this Answer to the Complaint of plaintiff Nancy Gibson ("Ms. Gibson"). NSDAR notes that the Complaint states the corporate name of NSDAR as being "National Society Daughters of the American Revolution."  This is the name under which NSDAR does business, but the organization is incorporated as "National Society of the Daughters of the American Revolution."

Except to the extent specifically admitted below, NSDAR denies each and every factual allegation in Ms. Gibson's Complaint and further answers the numbered paragraphs in Ms. Gibson's Complaint as follows:

1.  With respect to the first sentence of paragraph 1 of the Complaint, NSDAR denies that it terminated Ms. Gibson's employment and affirmatively states that Ms. Gibson did not accept an unconditional written offer of a position in NSDAR's Museum Shop; NSDAR denies that Ms. Gibson worked at NSDAR for "nearly 20 years" and affirmatively states that Ms. Gibson worked for NSDAR from January 13, 1987 to

February 25, 2005.  NSDAR denies the allegations of the second sentence of paragraph

1.  The allegations in the third sentence of paragraph 1 of the Complaint constitute

conclusions of law that do not require an answer.

2.  The allegations in the first sentence of paragraph 2 of the Complaint constitute

conclusions of law that do not require an answer. NSDAR denies the allegations in the

second sentence of paragraph 2.  With respect to the third sentence of paragraph 2,

NSDAR is unaware of the date when the EEOC mailed a notice of right to sue to the

plaintiff, but admits that the EEOC's right to sue notice bears the date February 22, 2007.

3.  NSDAR admits the allegations in the first sentence of paragraph 3 of the

Complaint, except that it denies that its officers are located in the District of Columbia.

The allegations in the second sentence of paragraph 3 constitute conclusions of law that

do not require an answer, but NSDAR does not dispute that venue lies in the District of

Columbia.

4.  NSDAR is without knowledge or information sufficient to form a belief as to

the truth of the averment that Ms. Gibson currently resides in and is a citizen of the State

of Maryland; NSDAR affirmatively states that its last known address for Ms. Gibson (as

of 2005) was in the State of Maryland.

5.  NSDAR admits the allegations of paragraph 5 of the Complaint, except that

NSDAR denies that the Act of Congress incorporating NSDAR was passed in 1896;

NSDAR affirmatively states that the Act of Congress incorporating NSDAR was passed

in 1895 and was signed into law by the President in 1896.

6. NSDAR admits the allegations of the first sentence of paragraph 6 of the

Complaint, except that it notes that its understanding of the term "headed" refers to the

duties specified in Article IX of NSDAR's National Bylaws.  NSDAR admits the

allegations of the second sentence of paragraph 6, except that it notes that its

understanding of the phrase "responsible for operations of the organization" refers to the

duties specified in Article X of NSDAR's National Bylaws.  NSDAR admits the

allegations of the third sentence of paragraph 6, except that it notes that the President

General and other NSDAR officers and members also play "hands on" roles in the day to

day operations of NSDAR.

7.  NSDAR admits the allegations of paragraph 7 of the Complaint, except to the

extent the term "terminated" implies that Ms. Gibson's employment was involuntarily

terminated, which NSDAR denies.

8.  NSDAR admits the allegations of paragraph 8 of the Complaint.

9.  NSDAR denies the allegations of paragraph 9 of the Complaint.  With respect

to the first sentence of paragraph 9, NSDAR affirmatively states that in 1996 an outside

consultant handled the public affairs function for NSDAR as an organization, and that a

portion of Ms. Gibson's job duties related to public affairs solely for the NSDAR

Museum.

10.  NSDAR admits the allegations of paragraph 10 of the Complaint.

11.  With respect in the first sentence of paragraph 11 of the Complaint, NSDAR

is without knowledge or information sufficient to form a belief as to what the then-

President General told Ms. Gibson in 2003; NSDAR affirmatively states that on April 12,

2003 the NSDAR Executive Committee voted to create the position of Interim Public

Relations Specialist, that Ms. Gibson moved into this temporary position on May 1,

2003, and that the NSDAR Executive Committee approved a change in the title of this

interim position to Media Relations Manager on July 5, 2003.  NSDAR denies the

allegations in the second and third sentences of paragraph 11.

12.  NSDAR is without knowledge or information sufficient to form a belief as to

the truth of the averments in paragraph 12 of the Complaint.

13.  With respect to the allegations in paragraph 13 of the Complaint, NSDAR

admits that in August and September of 2004 it was advised by Ms. Gibson and her

physician that she had been prescribed a program of chemotherapy and radiation for

breast cancer, but NSDAR does not have first-hand knowledge of Ms. Gibson's diagnosis

or treatment.

14.  NSDAR is without knowledge or information sufficient to form a belief as to

the truth of the averments in paragraph 14 of the Complaint and thus denies those

allegations.  Ms. Gibson's immediate supervisor during the spring of 2004 was a

consultant who is no longer retained by NSDAR.

15.  With respect to the allegations in paragraph 15 of the Complaint, NSDAR

admits that in August and September of 2004 it was advised by Ms. Gibson and her

physician that she had been prescribed a program of chemotherapy and radiation for

breast cancer, but NSDAR does not have first-hand knowledge of Ms. Gibson's diagnosis

or treatment.

16.  NSDAR is without knowledge or information sufficient to form a belief as to

the truth of the averments in paragraph 16 of the Complaint, but admits that Ms. Gibson

advised the NSDAR Administrator that she would be receiving radiation therapy after the

completion of her chemotherapy.

17.  NSDAR denies the allegations of paragraph 17 of the Complaint.  NSDAR affirmatively states that on December 28, 2004, the Administrator advised Ms. Gibson that the temporary position of Media Relations Manager would end on February 28, 2005, but the Administrator did not advise Ms. Gibson that her employment with NSDAR would be terminated.

18.  The allegations of the first sentence of paragraph 18 of the Complaint that Ms. Gibson was a "qualified individual with a disability and an individual with a record of disability" are legal conclusions that do not require an answer; to the extent that an answer is deemed to be required NSDAR denies such allegations because it is without knowledge or information sufficient to form a belief as to the truth of these averments; NSDAR denies that Ms. Gibson's employment was involuntarily terminated.  NSDAR is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in the second and third sentences of paragraph 18 and thus denies these allegations.

19.  NSDAR is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint.

20.  NSDAR is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint.

21.  NSDAR denies the allegations of paragraph 21 of the Complaint, except that NSDAR admits that May 1, 2003 until February 28, 2005 Ms. Gibson was responsible for some but not all aspects of media relations and communications at NSDAR.  NSDAR affirmatively states that Ms. Bren Landon was never an "assistant" to Ms. Gibson and never reported to Ms. Gibson, that no new "assistant" was hired to assume any of Ms.

Gibson's duties, and that portions of Ms. Gibson's prior duties were reassigned to several individuals (employees and uncompensated volunteers) and were not assigned exclusively to Ms. Landon or an assistant.

22.  With respect to the allegations of the first sentence of paragraph 22 of the Complaint, NSDAR denies that there was a "new assistant" hired to assume Ms. Gibson's departure and thus cannot meaningfully respond to the allegations concerning this non-existent person's age or experience level; admits that Bren Landon is more than five years younger than Ms. Gibson; and denies that Ms. Landon had significantly less experience in media relations and communications than Ms. Gibson.  NSDAR denies the allegations in the second sentence of paragraph 22 of the Complaint.

23.  NSDAR denies the allegations in paragraph 23 of the Complaint.  NSDAR affirmatively states that Ms. Gibson was not involuntarily terminated by NSDAR, so there were no adverse consequences of this non-existent event.

24.  NSDAR denies the allegations in the first and second sentences of paragraph 24 of the Complaint.  NSDAR affirmatively states that Ms. Gibson was not involuntarily terminated and that NSDAR's Administrator was aware that she had been diagnosed with cancer in January 2005 when he made Ms. Gibson an unconditional offer of a position in NSDAR's Museum Shop.  NSDAR denies the allegations in the second sentence of paragraph 24 of the Complaint.  The allegations in the third sentence of paragraph 24 of the Complaint constitute conclusions of law that do not require an answer; however, to the extent an answer is required NSDAR denies the allegations in the third sentence of paragraph 24.

25.  NSDAR repeats and realleges its responses to paragraphs 1 through 24 above, as if fully incorporated herein.

26.  NSDAR denies the allegations of paragraph 26 of the Complaint.

27.  NSDAR denies the allegations in the first sentence of paragraph 27 of the Complaint.  The allegations in the second sentence of paragraph 27 of the Complaint constitute conclusions of law that do not require an answer; however, to the extent an answer is required NSDAR denies the allegations in the second sentence of paragraph 27.

28.  NSDAR repeats and realleges its responses to paragraphs 1 through 27 above, as if fully incorporated herein.

29.  NSDAR denies the allegations of paragraph 29 of the Complaint.

30.  The allegations of paragraph 30 of the Complaint constitute conclusions of law that do not require an answer; however, to the extent an answer is required NSDAR denies the allegations in paragraph 30.

31.  NSDAR repeats and realleges its responses to paragraphs 1 through 30 above, as if fully incorporated herein.

32.  NSDAR admits the allegations in the first sentence of paragraph 32 of the Complaint.  NSDAR denies the allegations in the second sentence of paragraph 32 of the Complaint and affirmatively states that the NSDAR Administrator made a written unconditional offer of a position in the NSDAR Museum and did not merely tell her of "a possible employment opportunity."

33.  With respect to the allegations in the first sentence of paragraph 33 of the Complaint, NSDAR admits that Ms. Gibson alleged in a January 28, 2005 email that she was being treated "unfairly because of my medical condition and my age," but denies that

there were multiple "exchanges" in which she made such allegations.  NSDAR denies the

allegations in the second sentence of paragraph 33 of the Complaint; NSDAR

affirmatively states that when it received Ms. Gibson's allegations of discrimination, it

actually extended the deadline for Ms. Gibson to accept the offer of a job in the Museum

Shop and Ms. Gibson did not meet the extended deadline.

34.  The allegations of paragraph 34 of the Complaint constitute conclusions of

law that do not require an answer; however, to the extent an answer is required NSDAR

denies the allegations in paragraph 34.

35.  NSDAR repeats and realleges its responses to paragraphs 1 through 34

above, as if fully incorporated herein.

36.  With respect to the allegations of paragraph 36 of the Complaint, NSDAR

denies that Ms. Gibson's employment was involuntarily terminated by NSDAR and

admits that Ms. Gibson was more than 40 years old when she left NSDAR

37.  With respect to the allegations in the first sentence of paragraph 37 of the

Complaint, NSDAR admits that it was aware of Ms. Gibson's age and of the legal

prohibitions of age discrimination and denies that it acted willfully or with reckless

indifference to Ms. Gibson's federally protected rights.  The allegations in the second

sentence of paragraph 37 of the Complaint constitute conclusions of law that do not

require an answer; however, to the extent an answer is required NSDAR denies the

allegations in the second sentence of paragraph 37.

38.  NSDAR repeats and realleges its responses to paragraphs 1 through 37

above, as if fully incorporated herein.

39.  With respect to the allegations of paragraph 39 of the Complaint, NSDAR denies that it ended discussions of severance pay and employment opportunities when Ms. Gibson told the NSDAR Administrator she believed she was a subject of discrimination.  The remaining allegations in paragraph 39 constitute conclusions of law that do not require an answer; however, to the extent an answer is required, NSDAR denies all remaining allegations in paragraph 39.

40.  NSDAR repeats and realleges its responses to paragraphs 1 through 39 above, as if fully incorporated herein.

41. NSDAR denies the allegations of paragraph 41 of the Complaint.

Prayer for Relief. The remainder of Ms. Gibson's Complaint is the prayer for relief, which does not allege facts and does not require an answer.  To the extent that this section may be read to allege facts, NSDAR denies each and every allegation contained therein.  NSDAR also specifically denies that Ms. Gibson is entitled to the relief prayed for.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
(Failure to State a Claim)

In whole or in part, the Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Unclean Hands and Estoppel)

The injunctive and other equitable relief sought by Ms. Gibson is barred in whole or in part by the doctrines of unclean hands and estoppel.

### THIRD DEFENSE
(Statute of Limitations)

The claims in the Complaint are barred by the applicable statutes of limitations or other time limitations.

### FOURTH DEFENSE
(Causation)

The actions of NSDAR as alleged in the Complaint did not cause the injuries alleged in the Complaint.

### FIFTH DEFENSE
(Failure to Mitigate Damages)

Ms. Gibson's claims and the relief sought are barred in whole or in part by Ms. Gibson's failure to exercise reasonable diligence in mitigating damages, as required by law.

### SIXTH DEFENSE
(Laches & Failure to Utilize Internal Reporting Procedures)

Ms. Gibson's claims are barred in whole or in part by laches.  Further, Ms. Gibson did not comply with the mechanisms NSDAR has established for the reporting of allegations of discrimination.

### SEVENTH DEFENSE
(Failure to Exhaust Administrative Remedies)

Ms. Gibson has failed to exhaust her administrative remedies, as required by law, since certain of the allegations (such as the allegations of retaliation and failure to accommodate) have not been made the subject of a timely charge filed with the EEOC or exceed the scope of the charges that were filed, and are thus not properly before this Court.

### EIGHTH DEFENSE
(Reasonable Care to Avoid Hostile Work Environment)

To the extent (if any) that the Complaint may be construed as alleging the creation of an unlawful hostile work environment, the claim is barred because (a) NSDAR exercised reasonable care to prevent and correct promptly any allegedly harassing behavior, and (b) Ms. Gibson unreasonably failed to take advantage of any preventive or corrective opportunities provided by NSDAR or to avoid harm otherwise.

NINTH DEFENSE
(No Entitlement to Punitive Damages)

NSDAR states that Ms. Gibson is not entitled to an award of punitive damages and that such an award would violate the United States Constitution.

TENTH DEFENSE
(Waiver)

Ms. Gibson has waived claims for damages and other relief in whole or in part.

WHEREFORE, defendant National Society of the Daughters of the American Revolution prays for judgment dismissing the Complaint, for attorneys' fees and costs, and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Douglas C. Herbert
Douglas C. Herbert
D.C. Bar No. 291815
Law Office of Douglas C. Herbert
1730 Rhode Island Avenue, NW
Suite 608
Washington, D.C. 20036
(202) 659-1400

Counsel for Defendant National Society of
the Daughters of the American Revolution

July 11, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2007 a copy of the foregoing

Answer was mailed and/or electronically filed on:


Lorence L. Kessler
Suite 500
1875 I Street, N.W.
Washington, D.C. 20006


          /s/ Douglas C. Herbert

12