UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIBSON,<br><br>  *Plaintiff,*<br><br>  *v.*<br><br>NATIONAL SOCIETY DAUGHTERS<br>OF THE AMERICAN REVOLUTION,<br><br>  *Defendant.* | Civil Action No. 07-950 (RMC) |

JOINT REPORT OF RULE 16.3 CONFERENCE

  Counsel for Plaintiff Nancy Gibson and counsel for Defendant National Society Daughters of the American Revolution (NSDAR) jointly submit this report of their conference held pursuant to LCvR 16.3 of the Local Rules, Rule 26(f), F.R.Civ. P., and this Court's Order of July 13, 2007. Counsel hereby certify that on August 10, 2007, they met at the offices of counsel for the Defendant and conferred for approximately an hour and a half.

  With respect to the specific topics listed in Local Rule 16.3(c), counsel report the following:

  1. Defendant believes this case is likely to be disposed of by motion. Plaintiff disagrees. The parties agree that discovery should not be delayed to await the filing or disposition of such a motion.

  2. The parties suggest a deadline of <u>December 17, 2007</u> for joining parties or to amend the pleadings. At this time, the parties do not know whether the factual or legal issues can be narrowed, but hope that the issues can be narrowed after the completion of discovery.

  3. The parties believe this case should not be assigned to a magistrate judge.

4. The parties agree that there is no realistic possibility of settlement at the present time.

5. The parties believe that ADR efforts would not be beneficial at this time. After a review of the considerations listed in LCvR 16(c)(5), the parties agree that a neutral evaluation or mediation might be beneficial after key depositions have been completed.

6. Defendant believes the case can be resolved by a motion for summary judgment. Plaintiff disagrees. The parties suggest that the deadline for dispositive motions should be 60 days after the close of discovery, with 30 days for opposition briefs, and 14 days for reply briefs.

7. The parties agree to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ. P., and to allow discovery to be controlled by the parties.

8. After conferring about their discovery plans, the parties agree that all discovery (other than as to experts), including answers to interrogatories, document production, responses to requests for admission, and depositions should be completed by Thursday, January 31, 2008. The parties agree that interrogatories shall be limited to 25 per party (including subparts) and that depositions shall not exceed seven (7) hours without prior agreement or without an Order of the Court. The parties agree that a ten (10) deposition limit for each party is appropriate. The parties agree that there should be no pre-set limits on requests for admissions and requests for the production of documents. The parties agree that a protective order is appropriate and are preparing a motion and proposed order for the Court.

9. The parties agree that the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(f) does not need to be modified. The parties have agreed to the following schedule with respect to expert discovery: Plaintiff will provide its expert reports to Defendant no later than January 18, 2008, and Defendant will provide its expert reports to Plaintiff no later than February 29, 2008. Depositions of expert witnesses will be completed no later than March 31, 2008. Solely for purposes of scheduling of discovery, the parties have agreed to treat Plaintiff's medical providers as experts.

10. Not applicable; this is an individual, non-class suit.

11. The parties agree there should be no bifurcation of discovery or trial.

12. The parties agree, and respectfully request, that the Court should schedule a status conference to be held shortly after the close of discovery, at which time a pretrial conference date and a trial date will be selected.

13. The Court should set a trial date at the status conference referred to in Paragraph 12 above.

14. As required by Rule 26 (f)(3)(c), F. R. Civ. P., counsel have conferred about the disclosure or discovery of electronically stored information. The parties agreed that, except for spreadsheets and databases, electronic documents will initially be produced in PDF or hard copy format, in order to facilitate Bates-numbering, with the Plaintiff having the right to receive the document in its native electronic format (e.g., Microsoft Outlook or Word) upon request, along with any non-privileged metadata associated with the electronic document.

The parties have also conferred about which sources of electronic information in Defendant's custody or control will be deemed to be "reasonably accessible" and "not reasonably accessible" within the meaning of Rule 26(b)((2)(B), and have reached tentative agreement that (a) information on the Defendant's network file and mail servers and CDs of information previously on the network directories assigned to Plaintiff and to April Watkins will be deemed "reasonably accessible" and (b) information on individual computer hard drives and metadata not associated with a "reasonably accessible" electronic document that is being produced will be deemed "not reasonably accessible."  This agreement is only tentative at this point and is subject to revision as counsel learn more detailed information about the cost and burden of accessing the various sources of Defendant's electronic data.  Counsel have not yet reached any agreement about whether information stored on computer backup tapes will be deemed "reasonably accessible," but are in the process of gathering additional information that should facilitate an agreement concerning the backup tapes.

<u>Plaintiff's Statement of the Case</u>:  This case places in issue the circumstances regarding the end of Plaintiff's employment by the Defendant.  Plaintiff believes that she was subjected to illegal discrimination and that her employment was terminated in violation of the law.  The statutory or legal basis for each of the seven counts of the Complaint is set forth in the Complaint in the final paragraph of each count.

<u>Defendant's Statement of the Case</u>:  Defendant will submit a separate statement of the case no later than 72 hours prior to the initial scheduling conference.

A proposed scheduling order reflecting the topics covered in the conference of counsel is attached hereto for the Court's consideration.

Respectfully submitted,


/s/_____
Lorence L. Kessler
D.C. Bar No. 203521
Suite 500
1875 I Street, NW
Washington, D.C. 20006
(202) 857-8067

Counsel for Plaintiff Nancy Gibson



/s/_____
Douglas C. Herbert
D.C. Bar No. 291815
Law Office of Douglas C. Herbert
1730 Rhode Island Avenue, NW
Suite 608
Washington, D.C. 20036
(202) 659-1400

Counsel for Defendant National Society of the
Daughters of the American Revolution


August 24, 2007

UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY GIBSON, )<br>)<br>    *Plaintiff,* )<br>)<br>    **v.** )<br>)<br>)<br>NATIONAL SOCIETY DAUGHTERS )<br>OF THE AMERICAN REVOLUTION, )<br>)<br>    *Defendant.* | Civil Action No. 07-950 (RMC) |

PROPOSED SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), it is hereby ORDERED that:

1. The deadline for adding parties and/or amending pleadings shall be December 17, 2007.

2. All discovery shall be completed no later than Thursday, January 31, 2008. The initial disclosure requirements of Fed.R. Civ. P. 26(a)(1) are waived, pursuant to an agreement by the parties.

3. Plaintiff will provide its expert reports to Defendant no later than January 18, 2008, and Defendant will provide its expert reports to Plaintiff no later than February 29, 2008. Depositions of expert witnesses will be completed no later than March 31, 2008. Pursuant to an agreement by the parties, the parties shall treat Plaintiff's medical providers as experts for purposes of the discovery schedule.

4. Dispositive motions shall be filed no later than 60 days after the close of

discovery, with 30 days for opposition briefs, and 14 days for reply briefs.

5. Each party is limited to a maximum of ten (10) depositions and such depositions shall not exceed seven hours without prior agreement or without Order of the Court. There is no pre-set limit as to the number of requests for admission or requests for document production.

6. Each party shall be limited to 25 interrogatories (including subparts).

7. Discovery material shall not be filed with the Court unless so ordered.

8. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

9. A further status conference is scheduled for _____, 2008, at which time a pretrial conference date and a trial date will be selected. Counsel shall be prepared at that status conference to advise the Court of the expected length of trial and the number of fact and expert witnesses each party will present. Trial counsel will appear at all hearings unless excused by the Court in advance of the hearing date.

10. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, such as mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise

this Court by promptly filing a stipulation.

      11.   This schedule shall not be modified, even where all parties consent, except upon showing of good cause and by leave of the Court.

      SO ORDERED

      Date: _____

_____
ROSEMARY M. COLLYER
United States District Judge