IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Nancy Gibson, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | **Case: 1:07-cv-00950RMC** |
|  | ) | |
| National Society of the Daughters of the American Revolution, | ) | |
|  | ) | |
| Defendant | ) | |

## DEFENDANT'S STATEMENT OF THE CASE

Pursuant to Local Rule 16.3 and the Order for Initial Scheduling Conference issued on July 13, 2007, defendant National Society of the Daughters of the American Revolution (NSDAR) hereby submits this Statement of the Case.

The Complaint states that NSDAR terminated plaintiff Nancy Gibson's employment because Ms. Gibson was undergoing medical treatment for cancer, which is alleged to constitute a violation of the Americans with Disabilities Act (ADA), because of her age, which is alleged to constitute a violation of the Age Discrimination in Employment Act (ADEA), and because of her internal complaint of discrimination, which is alleged to constitute illegal retaliation under the ADA and the ADEA.  NSDAR actions are further alleged to constitute tortious infliction of emotional distress under the common law of the District of Columbia.

NSDAR will be able to prove that it was in fact compassionate toward Ms. Gibson and fully supportive of her during her treatment for cancer, that there was no criticism of her for taking necessary leave for this purpose (including late arrivals, early departures, and unscheduled leave), and that the statements attributed in the Complaint to Stephen Nordholt, NSDAR

Administrator, and Leanne Vigliano, NSDAR's Human Resources Director, were simply never made. Mr. Nordholt and Ms. Vigliano have no possible motivation to discriminate against Ms. Gibson for this reason, as both have had personal experiences with supporting family members and close friends who were battling cancer. Moreover, NSDAR will be able to prove that it did not discriminate against Ms. Gibson because of her age or retaliate against her in any way.

The Court will likely never reach these factual issues, however, because the undisputed factual record will show (after discovery is completed) that Ms. Gibson was in fact *not terminated* by NSDAR, as alleged in the Complaint. The record will demonstrate that Ms. Gibson, who had been working in the NSDAR Museum, chose to transfer to an Interim Public Relations Specialist position on May 1, 2003, and that Ms. Gibson was aware that this position was a temporary one. The decision that Ms. Gibson's temporary position would not be made a permanent one was made in March 2004 and Ms. Gibson was advised of this decision in April 2004 -- *before she was diagnosed with cancer in May of 2004*. The original scheduled date for the Interim Public Relations Specialist position to end was September 1, 2004, but this date was extended until February 28, 2005 due to Ms. Gibson's cancer treatment.

On January 7, 2005, Ms. Gibson was given a written offer to return to the Museum in the position of Museum Shop Manager, at the same rate of pay and benefits. Because there was another candidate interested in the Museum Shop position, Ms. Gibson was asked to accept or decline the position by January 14, 2005, but she refused to provide any answer or to provide any reasons for her refusal to do so. Her deadline for response was extended to January 31, 2005 and then until February 1, 2005, but she never accepted the proffered position. Ms. Gibson left the organization when her temporary position ended at the end of February 2005.

2

NSDAR will be able to prove that Ms. Gibson stated that she *wanted* to leave NSDAR because she did not want to work in the administration of NSDAR President-General Presley Wagoner (who had been elected by the membership to a term beginning July 11, 2004). Thus, the undisputed facts will show that Ms. Gibson voluntarily resigned from NSDAR and was not terminated.

The defenses set forth in the Answer arise under federal and District of Columbia common law and under the Federal Rules of Civil Procedure, the ADA, and the ADEA.

The statute of limitations defense referred to in the "THIRD DEFENSE" is primarily based on the fact that the decision that Ms. Gibson's temporary decision would not be made permanent was made in March 2004, more than 300 days before the filing of Ms. Gibson's EEOC charge and more than a year before the filing of the Complaint herein. Thus, this claim -- which is the only even arguably adverse action that NSDAR took concerning Ms. Gibson's employment -- is barred by the applicable statutes of limitation under the ADA, ADEA, and D.C. common law.

The failure to exhaust administrative remedies defense referred to in the "SEVENTH DEFENSE" is primarily based on the fact that Ms. Gibson's EEOC charge did not contain any allegations concerning the decision not to make her temporary position permanent, any allegations concerning retaliation, or any allegations concerning allegedly prohibited medical inquiries. Thus, these allegations may not be raised herein under either the ADEA or the ADA.

Respectfully submitted,

    /s/ Douglas c. Herbert
Douglas C. Herbert
D.C. Bar No. 291815
Law Office of Douglas C. Herbert

3

        1730 Rhode Island Avenue, N.W.
        Suite 608
        Washington, D.C. 20036
        (202) 659-1400

        Counsel for Defendant National Society of the
        Daughters of the American Revolution

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2007, a copy of the foregoing Defendant's Statement of the Case was electronically filed on:

Lorence L. Kessler
Suite 500
1875 I Street, N.W.
Washington, D.C.  20006


          /s/Douglas C. Herbert

4