IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nancy Gibson,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>National Society of the Daughters of<br>　the American Revolution,<br><br>　　　　　Defendant | Case: 1:07-cv-00950RMC |

## JOINT MOTION FOR ENTRY OF STIULATED PROTECTIVE ORDER

Because some of the information being produced in discovery in this matter is confidential or private in nature, the parties have stipulated to the terms and conditions set forth the attached proposed Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties jointly request that the Court approve and enter the attached proposed Stipulated Protective Order in this case, which will protect the confidentiality and privacy of the parties and others.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Douglas C. Herbert
　　　　　　　　　　　　　　　　　　Douglas C. Herbert
　　　　　　　　　　　　　　　　　　D.C. Bar No. 291815
　　　　　　　　　　　　　　　　　　Law Office of Douglas C. Herbert
　　　　　　　　　　　　　　　　　　1730 Rhode Island Avenue, N.W.
　　　　　　　　　　　　　　　　　　Suite 608
　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　(202) 659-1400

　　　　　　　　　　　　　　　　　　Counsel for Defendant National Society of the
　　　　　　　　　　　　　　　　　　Daughters of the American Revolution

    /s/ Lorence L. Kessler
Lorence L. Kessler
D.C. Bar No. 203521
Suite 500
1875 I Street, N.W.
Washington, D.C. 20006

(202) 857-8067

Counsel for Plaintiff Nancy Gibson

Dated: November 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nancy Gibson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>National Society of the Daughters of )<br>  the American Revolution, )<br>)<br>Defendant ) | **Case: 1:07-cv-00950RMC** |

**STIPULATED PROTECTIVE ORDER**

Upon consideration of the parties' joint motion pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and stipulation for a Protective Order concerning certain information and documents which have been or may be provided by defendants to plaintiffs, and by plaintiffs to defendants, and it appearing to the Court that sufficient cause exists for the issuance of a Protective Order.

**IT IS HEREBY AGREED AND ORDERED** as follows:

A. **DEFINITIONS**

1. "Discovery Material" shall mean all documents (as defined with the broadest meaning under Rules 26 and 34 of the Federal Rules of Civil Procedure), computer tapes or disks, electronic database information, tangible items, things, objects, and/or materials produced or exchanged between plaintiffs and defendants, whether original or copies, and any information contained in responses to Requests for Production of Documents, Interrogatories and/or Requests for Admissions or in any other discovery, including but not limited to deposition testimony, transcripts and exhibits.

1

2. "Restricted Information" shall mean any Discovery Material and its contents designated "Restricted Information" or "Confidential Information" as set forth in paragraph C.1 below, and any documents filed with the court including but not limited to pleadings, to the extent such documents quote, summarize or contain Restricted Information.

3. Solely for purposes of this Order, "party" or "parties" shall mean any entity or person that is a party to this litigation.

4. "Producing person" or "producing party" shall mean the person or entity disclosing particular Discovery Material through discovery.

B. **LIMITATION OF USE OF DISCOVERY MATERIALS TO CURRENT LITIGATION**

In accordance with the provisions set forth below, the Court hereby orders that Discovery Material shall be used by the party to whom such Discovery Material is produced, obtained or exchanged solely for the purpose of this lawsuit and for no other purpose, unless such information is otherwise readily available to the general public.

C. **DESIGNATION OF RESTRICTED INFORMATION**

1. Any producing person or party may designate a document as "Restricted Information" pursuant to the terms of this Order by affixing to the first page thereof a stamp or label with the legend "Restricted Information" or "Confidential Information" or may, in the alternative, by written notice inform opposing counsel that the document (including, but not limited to, categories of electronic data) is to be treated as Restricted Information. Nothing should be designated as Restricted Information unless the producing party or person has a reasonable, good faith belief that the information so designated is:

- Of a sensitive nature the public disclosure of which would damage the personal or organizational interests of the party (or of the entity or person who

provided the information to the party) or unreasonably invade the personal privacy of any individual (including but not limited to confidential information about the medical condition, medical treatment, or finances of any individual and the entire contents of the personnel files of any individual other than the plaintiff).

- Unduly oppressive, embarrassing, or annoying.

2. In the case of information disclosed in or by a non-paper medium (e.g. videotape, audiotape, computer disk, or other tangible thing), the appropriate designation shall be affixed to the outside of the medium or its container or disk which contains the listing of files, so as to clearly give notice of the designation. Such designation is deemed to apply both to the document or other material itself and to the information contained therein and thereon.

3. If a party inadvertently fails to designate Discovery Material it has produced as Restricted Information, it may make the designation belatedly so long as the party does so promptly after learning of the oversight, or promptly after the party reasonably should have been aware of the oversight.

4. Restricted Information shall be produced only to counsel of record in this action.

5. Neither the Restricted Information nor its contents shall be disclosed to any other person without the agreement of the party designating the information as such except that counsel may, without further agreement, disclose the Restricted Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) Attorneys for the parties of record who are actively engaged in the conduct of this litigation and secretarial, paralegal, technical and/or clerical employees, or vendors, assisting them in the conduct of this litigation who have a need to handle the Restricted Information under normal office procedure;

(b) Experts or consultants (and their staffs) retained by the parties with respect to this action;

(c) Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial) to the extent reasonably necessary in preparing to testify in this litigation, provided, however, that no such deponent or witness may retain an original or copy of any material designated as Restricted Information, except as otherwise provided by this Order;

(d) The plaintiff and/or any officer, director, or employee of any party defendant who has reasonable need for the information for the prosecution or defense of this litigation;

(e) This Court, court personnel, jurors, mediators, and arbitrators; and

(f) Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

(g) Each person referred to in subparagraphs 4(b) and 4(c) and the plaintiff shall sign an undertaking in the form attached as Exhibit A to this Order, stating that he or she has read a copy of this Order and agrees to be bound by its provisions. Counsel shall retain the signed undertakings for the party and/or parties providing such material or information to such person, and any party may file a motion with the Court seeking disclosure of such signed undertakings. Counsel are responsible for taking

reasonable steps to ensure that any persons other than counsel of record to whom Discovery Material is disclosed will observe the terms of this Protective Order.

        (h)      The provisions of this Order apply to any person(s) attending a deposition to the same extent as if such person were being shown written Discovery Material but will not constitute a basis for excluding a party from attending any deposition.

        (i)      Any party may also designate all or a portion of a deposition as Restricted Information by notifying the other parties in writing within twenty (20) days of receipt of the transcript of the portions that are designated Restricted. All depositions shall be treated as Restricted Information during this twenty (20) day period.

        (j)      A party should not designate any information as Restricted Information or should withdraw a designation of information as Restricted Information if it is information that (a) is in the public domain, at the time of disclosure or previously to the time of disclosure, as evidenced by a written document; (b) subsequently becomes part of the public domain through no fault of the other party, as evidenced by a written document; (c) the receiving party can show by written documentation that the information was in its rightful and lawful possession at the time of disclosure; or (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, as evidenced by a written document, provided that such third party has the right to make the disclosure to the receiving party.

**D.**     **USE OF RESTRICTED INFORMATION**

        1.      Restricted Information shall be used solely for the purpose of prosecution or defense of this action, and such documents or information may be used, consistent with the

terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action subject to paragraph D.4 below. The use of Restricted Information at trial or at depositions shall not be deemed a waiver of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order other than in the presentation of evidence at trial.

        2.    This Order has no effect upon, and its scope shall not extend to, any party's use of its own Restricted Information.

        3.    Producing or receiving Discovery Materials or otherwise complying with the terms of this Order shall not:

        (a)    prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

        (b)    prejudice in any way the rights of a party to seek a court determination whether particular Discovery Material should be produced; or

        (c)    prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

        4.    Any party wishing to use Restricted Information produced or generated by any other party in any brief, memorandum, affidavit or other paper filed with the Court disclosing said Restricted Information shall file all such affidavits, exhibits, or other papers, and any portion of any brief or memorandum disclosing said Restricted Information, under seal, enclosing the documents, excerpts or exhibits in a sealed envelope, labeled with the caption of the case, a brief description of the contents, and a statement that the envelope is sealed pursuant

to this Order. A party's inadvertent filing of Restricted Information with the Court without complying with the restrictions of this Order will not constitute a violation of this Order if (a) the party undertakes prompt good faith efforts to correct the improper filing and the materials in fact are not disclosed to any third party or (b) the party can prove that the improper filing was made in good faith and not for any improper purpose and that immediate corrective efforts were undertaken as soon as the error was discovered.

      5.      The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions, and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as Restricted Information, by any party to this action.

      E.      **SUBPOENA BY OTHER COURTS OR AGENCIES**

      1.      If another court or an administrative agency subpoenas or orders production of Discovery Material, including Restricted Information, that a party has obtained in discovery in this litigation, the party that has received the subpoena or order (the "subpoenaed party") shall notify the person that produced the Discovery Material (the "producing party") of the pendency of such subpoena or order as soon as reasonably possible, but in no event later than ten (10) business days after receiving the subpoena or order, and in any event before the date of production set forth in the subpoena or order.

      2.      The producing party may then notify the subpoenaed party of the producing party's intent to intervene to resist the subpoena or order. The producing party must provide such notification to the subpoenaed party no later than three business days before the response to the subpoena or order is due (unless the subpoenaed party provides notice of the subpoena or order to the producing party less than five business days before the response to the

subpoena or order is due, in which case the producing party must provide such notification to the subpoenaed party as soon as reasonably possible but in no event after the time when the response to the subpoena or order is due).

      3.    Should the producing party give notice of such intent, the subpoenaed party shall take steps reasonable and necessary to withhold production while the motion is pending. Provided, however, that nothing in this Order shall be construed to require a party or person to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

      **F.**    **NONTERMINATION**

      1.    The provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

      2.    Within one hundred and twenty (120) days after final conclusion of all aspects of this litigation, including any appeals which may be filed, each party, upon request of the producing party, will destroy or make available for retrieval by the producing party at receiving counsel's place of business all documents, including copies, received from the other party during the course of this litigation which constitute Discovery Material and are in the files of all attorneys and any other persons who have possession of such matter. All notes, memoranda, summaries, or other materials setting forth, summarizing, or paraphrasing Discovery Material obtained from the other party shall also be destroyed, except that counsel of record for each party may maintain in their files customary copies of each pleading, motion, order, or brief filed with the Court, and their customary attorney work product, correspondence and other case files.

3. All counsel of record shall certify in writing their own compliance with this paragraph and that they are not aware, after reasonable inquiry, of any violations of this paragraph by clients, experts, or others to whom Discovery Materials have been disclosed, and not more than one hundred and twenty (120) days after final termination of this litigation shall deliver to counsel for the producing party said certifications.

G. **NO WAIVER**

1. The inadvertent disclosure of privileged documents and/or information by a producing person or party or its counsel shall not constitute a waiver of any applicable privilege. A producing person that inadvertently discloses documents or information it claims to be covered by a privilege shall give notice promptly after discovery of the inadvertent disclosure that the document or information is privileged. Upon receipt of such notice, if the person to whom such information was disclosed seeks to challenge the claim of privilege or lack of waiver, the notice and motion procedures set forth in paragraph H, below, shall apply. If the claim of privilege is upheld, the documents or information shall be returned on request of the producing person or counsel.

2. The disclosure of Restricted Information pursuant to the procedures set forth in this Order does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by production of Discovery Material designated Restricted Information in this litigation.

H. **DISPUTES**

1.  If a dispute arises regarding the applicability of the provisions of this Order, the affected parties shall make good faith efforts to resolve the dispute without intervention of the Court.

2.  A party that objects to another person's designation of Discovery Material as Restricted Information hereunder shall give the party who designated such information as Restricted Information and all parties to this litigation written notice of such objection, including a specific designation of the Discovery Materials to which objection is raised and an explanation of the basis for objection.  Counsel shall confer within seven (7) business days of such objection to attempt to resolve the dispute.  In the event that the dispute is not resolved through such conference, the producing person shall have ten (10) business days following counsel's "effort to resolve" conference regarding the objection to move for an order designating the Discovery Material as "Restricted Information" for purposes of this Order.  In ruling on such a motion, the burden shall be on the party seeking to preserve confidentiality to establish the confidential, private or proprietary nature of the Restricted Information.  While such a motion is pending, no disclosure of the Restricted Information may be made except in accordance with this Order, and the document(s) or information will be treated as Restricted Information.

3.  Failure to file such a motion within ten (10) business days following counsel's "effort to resolve" conference shall constitute a waiver of the right to designate the Discovery Material as "Restricted Information" under this Protective Order, and the Discovery Material to which an objection was made shall no longer be treated as Restricted Information.

I.  **MODIFICATION**

1.  Any party may, at any time and for any reason, seek modification of this Protective Order.  This Protective Order can be modified only by Order of this Court.

2.	Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**SO STIPULATED:**

　　　/s/ Douglas C. Herbert　　　
Douglas C. Herbert
D.C. Bar No. 291815
Law Office of Douglas C. Herbert
1730 Rhode Island Avenue, N.W.
Suite 608
Washington, D.C. 20036
(202) 659-1400

Counsel for Defendant National Society of the Daughters of the American Revolution

　　　/s/ Lorence L. Kessler　　　
Lorence L. Kessler
D.C. Bar No. 203521
Suite 500
1875 I Street, N.W.
Washington, D.C. 20006

(202) 857-8067

Counsel for Plaintiff Nancy Gibson

Dated: _____, 2007.

**SO ORDERED:**

DATED THIS _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

11

**EXHIBIT A**

**<u>UNDERTAKING</u>**

The undersigned has read the annexed Protective Order, understands its contents, and hereby undertakes to make no disclosures of any Discovery Material (including Restricted Information), as that term is defined in the annexed Protective Order, to any person who is not permitted to have access to such Discovery Material by the Protective Order or by subsequent orders of the Court. In addition, the undersigned agrees not to use such Discovery Material for any purpose whatsoever other than in connection with this action, except as permitted by subsequent orders of the Court. The undersigned also agrees, as required by Section F of the attached Protective Order, either to return all Discovery Material supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made there from, to the party producing the Discovery Material, or to destroy all copies of all Discovery Material, including any notes or other transcriptions made there from (except such copies or notes as are specifically permitted to be retained by Section F of the annexed Protective Order), within one hundred and twenty (120) days of the conclusion of this action and any appeals thereof. The undersigned understands that a violation of this undertaking may be punishable as contempt of court.

DATE:_____  NAME:_____
                                          (print or type)

                                  SIGNATURE:_____